Guy F. BOYETT, Jr., et al., Appellants,

v.

Frank H. MATHEWS, Appellee.

No. 4161.

Court of Civil Appeals of Texas.

Waco.

Sept. 19, 1963.

Rehearing Denied Oct. 10, 1963.

Phillip B. Goode and John L. Sandstedt, College Station, for appellants.

R. V. Armstrong, Bryan, for appellee.

McDONALD, Chief Justice.

This is a suit by Frank H. Mathews, appellee, for the construction of the will of his deceased wife, Gladys Boyett Mathews. The testatrix, after making disposition of her interest in the community property of herself and her husband, and of a number of special bequests from her separate property, provided:

"IV. I give all of the residue of my separate estate, real and personal, to my beloved husband, Frank H. Mathews, so long as he shall be buried by

917

me at his death, and on his death, if he is not buried by me, said residue of my separate estate remaining shall vest in my said surviving brothers and sisters, share and share alike."

The trial court, after hearing without a jury, construed the foregoing provision, "vested in the said Frank H. Mathews a base or qualified simple title to all of the property disposed of in said clause; that said qualified fee simple title, being also described as a fee simple title subject to defeasance, vested immediately upon the death of Gladys Boyett Mathews and is subject to defeasance in the event the said Frank H. Mathews is not buried by the testatrix at his death. The court further finds that 'said residue of my separate estate remaining' and the entire clause gives to the said Frank H. Mathews full right of alienation and that if said Frank H. Mathews is not buried by the testatrix, the brothers and sister of Gladys Boyett Mathews who may survive the said Frank H. Mathews, shall be vested with that portion of the separate estate of Gladys Boyett Mathews which remains vested in Frank H. Mathews and unalienated * * *."

Appellants, brothers and sister of testatrix, appeal contending that the trial court erred:

1) In holding the will gave appellee a qualified fee simple title to the property involved.

2) In holding the will gave appellee full right of alienation of the property involved.

3) In holding that if appellee was not buried by testatrix, then the only property that would vest in appellants could be that property which was left and which "remains vested in Frank H. Mathews and unalienated."

The primary rule of construction of wills is to ascertain and follow the intention of the testator. All other rules of construction are auxiliaries in the practical application of this rule. Hobson v. Shelton, Tex.Civ.App. (n. r. e.) 302 S.W.2d 268. Some of the other rules are:

1) Where a will provides that upon a certain contingency the estate shall pass to another, the law favors the first taker, and will construe the words of the will to grant to the first taker the greatest estate which they, by the fairest construction in harmony with the will as a whole, are capable of passing. Darragh v. Barmore, Tex. Com.App., 242 S.W. 714.

2) The law favors the vesting of estates and will construe the will as creating a vested estate if possible, Jones v. Hext, Tex.Civ.App., Er.Ref., 67 S.W.2d 441.

3) A construction rendering deceased intestate as to any part of his estate is not favored; the law prefers an interpretation that will prevent partial intestacy. Sanger v. Butler, Er.Ref., 45 Tex.Civ.App. 527, 101 S.W. 459. If the brothers and sister of decedent should predecease appellee, testatrix would die intestate as to the property in clause IV under the contention of appellants.

Reading the provisions of the will in the light of the foregoing rules, we conclude that the language employed created a fee simple title in the appellee husband, subject to defeasance, as to such portion of the property as remained undisposed of by the husband, if he not be buried by the testatrix. Under such construction the husband has full power of alienation during his lifetime. Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876.

We think the Trial Court's construction correct. All of appellants' points and contentions are overruled, and the judgment of the Trial Court is affirmed.