**Estelle HOWARD, Appellant,**

**v.**

**William H. NEARY and Thomas S. Walker et al., Appellees.**

**No. 5164.**

Court of Civil Appeals of Texas, Waco.

Aug. 31, 1972.

Rehearing Denied Oct. 5, 1972.

Richard S. Chambers, Dallas, for appellant.

Brady, Drake & Wilson (Edward J. Drake), Thompson, Knight, Simmons & Bullion (Jerry L. Buchmeyer), Paul R. Lokey & Co., Dallas, Crawford C. Martin, Austin, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Howard from a take nothing judgment in a suit against the executors of the Estate of Jennie Rice, deceased.

Plaintiff Howard was the daughter of A. Rice. Mrs. Jennie Rice was the wife of A. Rice, and stepmother of plaintiff. A.

Rice died November 7, 1956. He left a will making specific bequests and then granted his wife, Jennie A. Rice, a life estate with full power of disposition over the balance of his estate, by the following:

"Third, all of my estate, be it real, personal or mixed property, that shall remain after paying the above two bequests, I hereby give, devise and bequeath to my said wife Jennie A. Rice, during her life and at her death the said property or so much thereof as shall remain, shall go to my daughter aforesaid, Estelle Howard.

"But it shall be expressly understood, that my said wife, Jennie A. Rice, may sell or convey, mortgage, or encumber any or all of the said property as she may see fit, and may use the income or proceeds thereof in such manner as she shall deem proper. It being my intention that she shall have full control of the same and only the portion remaining after her death, shall go to my said daughter."

Mrs. Jennie A. Rice took the property at the death of A. Rice. Mrs. Rice died on August 26, 1969. The property had a value of $41,109.68 when Mrs. Rice took such over. She deposited funds in which she had a life estate in an estate bank account. She paid debts and bequests out of such account and her executors, defendants herein, have paid plaintiff $12,157.55 out of same. The remaining $10,984.14, the amount here involved, are funds which Mrs. Rice withdrew from the account for use other than of payment of estate obligations and bequests. The record reflects and the trial court found in Finding of Fact 28 that Mrs. Rice used some of the life estate money for purely personal things as vacations, dresses, and clothing. It is the life estate money Mrs. Rice used for purely personal things which plaintiff seeks to recover in this case, asserting that since Mrs. Rice had substantial separate funds of her own she should be required to use her separate funds in providing her living over the period from Mr. Rice's death in 1956 to her death in 1969.

The trial court, without a jury, entered judgment that plaintiff take nothing. Plaintiff appeals on one point: "The error of the court in finding that defendant had disposed of property in which she had only a life estate and thus defeating the remainder interest of plaintiff in the property from her father's estate."

■ The trial court filed Findings of Fact and Conclusions of Law, in which it found, among other things, that the $10,984.14 plaintiff sues for was disposed of by Jennie A. Rice during her lifetime with full powers of disposition; and that plaintiff herein was entitled to receive only that portion of the life estate property which was not disposed of by Jennie A. time.

The language of A. Rice's will, supra, created a life estate in the remainder of his property in Jennie A. Rice with full powers of disposition. Under it Jennie A. Rice was entitled to dispose of the property as she saw fit, without limitation during her lifetime, and plaintiff herein was entitled to receive *only* that portion of the property which remained at the death of Jennie A. Rice. Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876; Commercial Bank v. Satterwhite, Tex.S.Ct., 413 S.W. 2d 905.

■ Plaintiff asserts that Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, supports her contention that Mrs. Rice could not withdraw funds from the life estate to use for whatever she desired, when she had separate funds of her own in excess of the life estate property, and thus defeat the remainder interest of plaintiff. In Edds v. Mitchell, the Supreme Court held that if a life estate holder, with power of disposition, (as was Mrs. Rice) sold the property and was still holding the proceeds of such sale at her death, then the remainderman (as plaintiff) could follow the proceeds of the sale which were undisposed of

at the time of the death of the life estate holder with power of disposition, and that the changing of the form of what came from the testator, could not cut off the remainderman, and defeat the testator's intention. This is not the situation in the case at bar. Mrs. Rice used the life estate funds over which she had power to dispose of for vacations, clothes and living expenses for some 13 years. She had the right to do this under the will of A. Rice, even though she had adequate funds of her own out of which she could have lived, if she had seen fit to use them for such purpose.

The judgment of the trial court is correct. Plaintiff's point is overruled.

Affirmed.