Mary Hall BETTS et al., Appellants,

v.

Clyde HAGGARD, ind. executor of the Estate of Jessie Carolina Betts, Deceased, Appellee.

No. 696.

Court of Civil Appeals of Texas, Tyler.

May 17, 1973.

Rehearing Denied June 7, 1973.

John Fox Holt, Holt & Hirsch, Stephen L. Mayo, Mayo & Ward, Dallas, for appellants.

Les E. Shackelford, Jr., Dallas, for appellee.

Duncan Elliot Osborne, Graves, Dougherty, Gee, Hearon, Moody & Garwood, Austin, for intervenors American Cancer Society and American Cancer Society, Tex. Div., Inc.

George Wm. Perry, Dallas, for intervenor Presbyterian Hospital of Dallas.

Roy L. Cole, Burford, Ryburn & Ford, Dallas, for intervenor Baylor University Medical Center.

Chares W. Gordon, Jr., Lefler, Gordon & Waddell, Newton, N. C., for intervenor, Wallace Joyce Kirkman.

John L. Hill, Atty. Gen., Austin, for the State.

McKAY, Justice.

This is a declaratory judgment suit brought by appellants against Clyde Haggard, Independent Executor of the Estate of Jessie Carolina Betts, Deceased, to construe the will of Jessie Carolina Betts. The Attorney General of Texas was made a party, and American Cancer Society, Baylor University Medical Center, and Presbyterian Hospital of Dallas intervened. The trial court rendered judgment that paragraphs First, Second and Third of the will control the disposition of the entire estate, and that paragraph Fourth is inoperative, and that appellants' petition be denied and they take nothing.

We affirm.

The facts were stipulated by all parties: that (1) William Wallace Betts, the son of Jessie Carolina Betts, died on May 19, 1971, in Dallas, Texas, of a malignant or cancerous disease; that he executed his last will and testament on September 1, 1955, and that it was filed for probate July 14, 1971, and that such will has been admitted to probate on July 26, 1971, in Cause No. 71–1928–P2 by the Probate Court No. 2 of Dallas County, Texas; (2) that Jessie Carolina Betts died on November 2, 1971, in Dallas County, Texas; that she executed her said will on June 14, 1971, and that such will has been admitted to probate on December 20, 1971, in Cause No. 71–3368–P2 by the Probate Court No. 2 of Dallas County, Texas; (3) that William Wallace Betts was the only child of Jessie Carolina Betts, and he died unmarried and without issue at age 53, and she died at age 82; and (4) that the total gross estate of William Wallace Betts was approximately one hundred ninety eight thousand and no/100 ($198,000.00) dollars and that of Jessie Carolina Betts was approximately two hundred eighty four thousand and no/100 ($284,000.00) dollars, she being the sole beneficiary of the estate of William Wallace Betts.

The three paragraphs of the will of Jessie Carolina Betts we are concerned with here are as folows:

## "SECOND

"To the individuals and institutions listed below, I bequeath the following:

a. To my sister-in-law, MARY HALL BETTS, the sum of One Thousand ($1,000.00) Dollars.

b. To my nephew, EDWIN M. BETTS, the sum of One Thousand ($1,000.00) Dollars.

c. To my niece, BETSY HUNTER, the sum of One Thousand ($1,000.-00) Dollars.

d. To the Presbyterian Hospital of Dallas, Texas, the sum of Ten Thousand ($10,000.00) Dollars, to be used and expended by it solely and exclusively to relieve the pain and suffering of persons having cancer. This bequest is made in memory of my son, WILLIAM WALLACE BETTS, and I request that the directors of the Presbyterian Hospital of Dallas, have erected in memory of WILLIAM WALLACE BETTS, a small door Plaque at Presbyterian Hospital on Walnut Hill Lane in Dallas, Texas.

e. To my friend, HELEN PLACE, of Dallas, Texas, the sum of Five Hundred ($500.00) Dollars.

## "THIRD

"The remainder of my Estate then existing after the foregoing bequests have been complied with, to be distributed as follows, to-wit:

a. To my beloved brother, WALLACE JOYCE KIRKMAN, of Claremont, North Carolina, Twenty-five (25) percent, of such remainder. In the event that he does not survive me, then such portion is to go to his wife, RUTH KIRKMAN.

b. To the American Cancer Society, Fifty (50) percent of such remainder, to be used in research for a cure for cancer, and related diseases, this bequest being made in memory of my son, WILLIAM WALLACE BETTS.

c. To the Baylor University Medical Center of Dallas, Texas, the remaining Twenty-five (25) percent of my Estate to be used for the benefit of persons suffering from the disease of cancer, this bequest being made in memory of my son, WILLIAM WALLACE BETTS.

## "FOURTH

"All the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated,

including all property which I may acquire or become entitled to after the execution of this Will, including all lapsed legacies and devices (sic) or other gifts made by this Will which may fail for any reason, I bequeath and devise in fee to my sister-in-law, MARY HALL BETTS, and her two children, EDWIN M. BETTS and BETSY HUNTER, share and share alike, or if but one of them shall survive me, the whole thereof to such survivor."

By two points appellants contend that paragraph Third is merely a particular residuary clause or a specific bequest applying solely to the property of Testatrix over which she had sole personal and unrestricted control and possession at the time she executed her will, and that paragraph Fourth is the only general residuary clause in the will under which appellants would take that part of the estate of Testatrix not disposed of in paragraphs Second and Third, that is, the net proceeds of the estate of her son, William Wallace Betts, on closing of administration on his estate.

Appellee's position is that the estate of William Wallace Betts, Testatrix's deceased son, passed to her upon his death and was part of her estate at the time of her death, and that it was her intent that her entire estate should pass under paragraph Second and paragraph Third.

In a suit to construe a will the first concern of the court is to ascertain the intent of the testator, and the second is to give effect to that intention where lawful. 61 Tex.Jur.2d Wills, sec. 144–148; Blocker v. Davis, 241 S.W.2d 698 (Tex.Civ.App. Fort Worth, 1951, wr. ref'd n.r.e.)

Where it is claimed there are conflicts or inconsistencies in a will, such should be reconciled where possible. Martin v. Dial, 57 S.W.2d 75 (Tex.Com.App., 1933); 61 Tex.Jur.2d Wills, sec. 140.

The court will view a will in its entirety, and if susceptible of such construction, construe it so as to make all its provisions consistent and harmonious. 61 Tex.Jur.2d Wills, sec. 139, 140; Jackson v. Evans, 305 S.W.2d 236 (Tex.Civ.App.—Fort Worth, 1957, wr. ref'd n.r.e.).

Appellants contend that paragraph Third and Fourth are in conflict and cannot be reconciled, and that when two clauses in a will are in irreconcilable conflict, the one coming later in the will will be given effect, especially if it be the more complete, clear and dominant one.

The first paragraph of the will directs payment of all just debts and funeral expenses.

Paragraph Second bequeaths One Thousand ($1,000.00) Dollars to each of the appellants by name, Ten Thousand ($10,000.-00) Dollars to Presbyterian Hospital and Five Hundred ($500.00) Dollars to Testatrix's friend, Helen Place.

Paragraph Third states "The remainder of my Estate then existing after the foregoing bequests have been complied with, to be distributed as follows * * *", and then follows the bequest of twenty-five (25) percent to Testatrix's brother, fifty (50) percent to American Cancer Society, and twenty-five (25) percent to Baylor University Medical Center. The bequests to Presbyterian Hospital, American Cancer Society, and to Baylor Medical Center were each made "in memory of my son, WILLIAM WALLACE BETTS", and to be used for the benefit of persons suffering from cancer.

The rule in Texas seems to be that when there is a conflict among provisions in a will, the last clause in the will controls. The rule is applicable only when it clearly appears that the conflict in the clauses cannot be reconciled. Dougherty v. Humphrey, 424 S.W.2d 617 (Tex.1968). There is authority that this rule does not apply to residuary clauses. We see no conflict between paragraphs Third and Fourth, and therefore, the rule is not applicable here. The language in paragraph Third is not ambiguous, but, on the contrary is plain and clear that she intended by that paragraph to dispose of one hundred (100) percent of her property after the directions in

paragraphs First and Second were carried out. The words in paragraph Fourth "all the rest, residue and remainder of the property which I may own at the time of my death * * *" are ordinarily used in a will to refer to the portion of the estate that is left after all debts and legal charges have been paid and other testamentary gifts have been satisfied. Sinnott v. Gidney, 159 Tex. 366, 322 S.W.2d 507 (1959).

Appellants argue that the language used in paragraph Third, "The remainder of my estate *then existing*[1] after the foregoing bequests have been complied with * * *" should be interpreted to mean that it was the intent of the Testatrix to dispose of *her*[1] estate only without including her son's estate, because she did not, at the time of executing her will, have possession and control of her son's estate since his will had not yet been probated. They say that the language in paragraph Fourth bears out this interpretation because she used the words "which I may acquire or become entitled to after the execution of this will * * *". We do not agree with appellants' argument. Testatrix's interest in her son's estate became fixed by the probate of his will as of the date of his death. Sec. 37, Texas Probate Code, V.A.T.S.; Dougherty v. Humphrey, supra. There is nothing in the language of the will to indicate she did not intend to include all her estate, including that which she received under the will of her son, in paragraph Third.

We believe it was the intention of the Testatrix to make the bequests in paragraph Third to include all of the property in her estate which remained after paying her debts and funeral bill in paragraph First and after paying the bequests in paragraph Second to appellants and Presbyterian Hospital and Helen Place. We think the meaning of the language is plain and unambiguous. We are of the opinion that paragraph Fourth was a contingent residuary clause to be effective only if the bequests made in paragraphs Second or Third became ineffective. We do not find these clauses to be in conflict, and they are not irreconcilable. It appears to have been the intention of Testatrix that she did not want to leave any property not covered by her will, and therefore paragraph Fourth would prevent partial intestacy. Morris v. Finkelstein, 442 S.W.2d 452 (Tex.Civ.App.— Houston 14th, 1969, wr. ref'd n.r.e.).

Appellants also contend that if ambiguity exists in a will, unless there is manifest intention to the contrary, the interpretation adopted should be that which favors the family and kindred over utter strangers. It should be pointed out that if the construction urged by appellants was followed, paragraph Third would be ignored, and the result would be two bequests to appellants (at least one of whom was not close enough to Testatrix for her correct name to be used) and no bequest to Testatrix "beloved brother." We do not believe such result was intended by Testatrix.

Furthermore, the son of Testatrix having died as a result of cancer, it is reasonable to assume her intention was expressed in paragraph Third to the effect that she wanted seventy-five (75) percent of her remaining estate to go for treatment of persons afflicted with cancer.

The law favors the first taker, and the language of the will of Testatrix will be construed to grant the first taker the greatest estate which by fair construction, the grant is capable of passing. Lawrence v. Lawrence, 229 S.W.2d 219 (Tex.Civ.App.— Fort Worth, 1950, wr. ref'd n.r.e.); 61 Tex.Jur.2d, sec. 134.

There is nothing in the record to show that any of the bequests in paragraph Second or Third failed, nor is there any showing that Testatrix acquired or became entitled to any property after the execution of her will; therefore, nothing passes by the contingent provisions of paragraph Fourth.

■ The trial briefs were brought up by Supplemental Transcript, and it is shown

---

1. Emphasis ours.

there that appellants' theory for recovery in the trial court was that paragraphs Third and Fourth were irreconcilable and paragraph Fourth should be held to be the predominant provision, relying on Martin v. Dial, supra, and Stanley v. Henderson, 139 Tex. 160, 162 S.W.2d 95 (Tex.Com.App., 1942). Appellant urges here a new theory that the two paragraphs should be reconciled in that paragraph Third should be held to dispose of all the estate of Testatrix except that which she inherited from her son, and that paragraph Fourth should be held to dispose of what she inherited from her son. Appellants say here that paragraph Third is a particular residuary clause and paragraph Fourth is a general residuary clause.

It is a well established rule that parties are restricted in the appellate court to the theory on which the case was tried in the lower court. Johnson v. Faulk, 470 S.W. 2d 144 (Tex.Civ.App.—Tyler, 1971, n.w.h.)

Appellants' points are overruled.

Judgment of the trial court is affirmed.