Travis B. BRYAN, Jr., Administrator of the Estates of George E. Adams and Mary Barton Adams, Deceased, Appellant,

v.

Ann Adams MELVIN, Appellee.

No. 5272.

Court of Civil Appeals of Texas, Waco.

Aug. 23, 1973.

W. T. McDonald, Bryan, for appellant.

Jerry Gilmore, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a suit for the construction of the wills and codicils of George E. Adams and wife Mary Barton Adams, both deceased. The appellant (plaintiff in the trial court) is Travis Bryan, Jr., Administrator with wills annexed, of both George E. and Mary B. Adams. The appellee (defendant) is Ann Adams Melvin, granddaughter of the deceased and a devisee under both wills.

Plaintiff alleged defendant owed the estates $73,306.62 as reflected by an account prepared from the account books of George E. Adams, deceased, and that said sum is a legal charge against defendant's interest in the two estates, pursuant to the wills and codicils of the two deceased.

The trial court without a jury rendered judgment that the $73,306.62 claim asserted by plaintiff against defendant's interest in the estates is an open account, is not represented by any evidence in writing, and that defendant should recover her proportionate interest in the estates free and clear of plaintiff's claim.

Plaintiff appeals on one point: "The ruling of the court is contrary to the law and evidence in this case."

The two wills executed in 1967 are identical; as are the two codicils executed in 1969. Pertinent portions of such wills and codicils (partially summarized) follow:

### The Wills

"Second: I hereby give, devise and bequeath absolutely and in fee simple, all the rest and residue of my property and estate, of whatever character it may be and wherever same may be situated, *including any and all amounts which may be owing to me by any of the beneficiaries under this Will as evidenced by notes or written obligations, to my three children: Hazel Adams Richardson, John Charles Adams, Jane Adams Lott and my granddaughter, Ann Adams Melvin, who is the only child of my deceased son, George Barton Adams, an undivided interest of 1/5 each*, jointly, share and share alike". The other 1/5 was devised in trust for another daughter Emily Adams Lyne and her two children, "*in-*

cluding any and all amounts which may be owed to me by this said daughter as evidenced by notes or written obligations."

### The Codicils

"In paragraph Second of my said will, it reads as follows:

"Second: *I hereby give, devise and bequeath absolutely and in fee simple, all the rest and residue of my property and estate, of whatever character it may be and wherever same may be situated, including any and all amounts which may be owing to me by any of the beneficiaries under this will as evidenced by notes or written obligation,* —"

And then I bequeath my estate to my three children and my granddaughter, Ann Adams Melvin, and made a bequest in trust * * * for my daughter Emily Adams Lyne and her two children * *, and in this said trust bequest on the fifth line of page 2 of my said Will, I used this wording:

". . . including any and all amounts which may be owed to me by this said daughter as evidenced by notes or written obligations."

"I feel that it is necessary to clarify and change the wording with reference to my bequests to my children and my granddaughter and as to the trust estate bequeathed to my daughter, Emily Adams Lyne and her children above mentioned, so far as the above quoted Second paragraph, in the two separate sentences are concerned, and I do by these presents and by this Codicil, hereby substitute in lieu of the Second paragraph, referring to amounts which may be owed to me, the following wording:

In paragraph Second—starting after the comma, to the right of the word "situated" on the fourth line as follows:

". . . *including any and all amounts which may be owing to me by any of the*

*beneficiaries of this will on an open account basis, but I specifically Will and direct that any and all beneficiaries taking under the terms of this will are to be charged with, and are to pay to my estate, any and all notes and obligations evidenced in writing or said written obligations are to be deducted from the respective share or shares of the respective beneficiary or beneficiaries before a distribution is made of my estate.*"

"This identical same wording replaces and is in lieu of the two lines and three words of paragraph Second hereof.

"It is my will, desire and intent, and I do by these presents declare that I only bequeath to my three children, my granddaughter and my daughter Emily * * all open accounts only owing me and I specifically state that I do not bequeath to any of them any written indebtedness owing me by notes or instruments in writing, and I do not cancel any of these written obligations, as it is my will, desire and intent that all of these said children and grandchildren pay these written obligations and notes prior to receipt of their respective bequests or their said indebtedness evidenced by said notes and written obligations be charged to them and be first deducted from their portion of my estate before a distribution is made."

During his lifetime George E. Adams advanced various sums of money to his children and kept open account books reflecting these sums and repayments. Some of the advancements were represented by notes signed by his children. The books reflect an account originally headed "Barton Adams" (father of defendant). Barton Adams died in 1963, and the heading on the account was changed at that time to "Barton Adams Estate—Ann Melvin". Such account totals $73,306.62 (which included a note for $50,000 signed by Barton Adams).

It is stipulated that defendant Ann Adams Melvin is the only child of Barton Ad-

I. Italics ours.

ams; that the Estate of Barton Adams was insolvent; that George E. Adams was the Administrator of the estate of Barton Adams; that Ann Adams Melvin is not personally indebted to the estate of George E. and Mary Barton Adams in any manner other than by way of being the sole heir of Barton Adams; and that she never executed any note or obligation in writing to Geroge E. or Mary Barton Adams during their lifetime.

Appellant-plaintiff asserts the testators intended for defendant to either pay the $73,306.62 account prior to receiving her bequest under the wills, or else her portion received from these estates was to be charged with such sum prior to distribution to her; and that the testators "clearly meant and intended for the account books to constitute and mean written obligations or instruments evidenced in writing."

Neither party asserts ambiguity in either the wills or the codicils.

 The primary rule of construction of wills is to ascertain and follow the intention of the testator. Republic Nat. Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39; Hobson v. Shelton, Tex. Civ.App., NRE, 302 S.W.2d 268.

 And the intention of the testator must be determined from the language he used in the will. Stewart v. Selder, Tex., 473 S.W.2d 3; Rekdahl v. Long, Tex., 417 S.W.2d 387; Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885.

In Huffman, supra, the court says "The intent of the testator must be drawn from the will, and not the will from the intent".

 And a court cannot give to an unambiguous will a meaning different from that warranted by its words, merely to carry into effect conjecture or hypothesis as to the testator's intention. McMullen v. Sims, Tex.Com.App., 37 S.W.2d 141.

 Applying the above rules to the wills and codicils of George E. and Mary B. Adams, we think the testators bequeathed (or forgave) defendant any open account she owed testators; required her to pay, or be charged with notes and obligations in writing which she owed testators; but did not require her to pay or be charged with the note executed by her father.[2]

The open account books kept by George E. Adams were not an obligation evidenced in writing.

Defendant never executed a note, and was not personally indebted to the estate of George E. or Mary B. Adams. The only indebtedness George E. Adams asserted against defendant was the open account (which he transferred to her name after the death of her father Barton Adams).

Plaintiff's point is overruled.

Affirmed.

---

2. As was the situation in Wyatt v. Wyatt, Tex.Civ.App., Er.Ref., 188 S.W.2d 685, cited by plaintiff.