### In re ESTATE of George Baxter JORDAN, Deceased.

#### No. 809.

Court of Civil Appeals of Texas, Tyler.

Jan. 30, 1975.

Rehearing Denied March 6, 1975.

Wynne & Wynne, Wills Point, Stanford & Bartlett, C. L. Stanford, Canton, for appellants.

Enoch G. Fletcher, Grand Saline, for appellees.

McKAY, Justice.

This is a will contest involving appellants Church of Christ of New Boston, Texas, the beneficiary named in the will, and Charles Wade, the independent executor named in the will, proponents, against appelles, G. V. Jordan and Z. H. Jordan, brothers of the testator, George Baxter Jordan, contestants.

An application for administration of the Estate of George Baxter Jordan was filed by his brother, G. V. Jordan. Contest to that application was filed by Charles Wade and the Church of Christ of New Boston, Texas. An application to probate the will of George Baxter Jordan was filed by Charles Wade and the Church of Christ of New Boston, Texas. Contest to that application was filed by G. V. and Z. H. Jordan. The application for administration of the estate and the application to probate the will were consolidated by Order of the County Court. Trial was before the County Court and judgment was entered denying probate of the will and appointing G. V. Jordan and Z. H. Jordan administrators of the estate. We reverse.

The Court made the following findings which are stated in the judgment:

"That the interest to go to the Church of Christ at New Boston would have been valid only in the event of the simultaneous death of George Baxter Jordan and Frances Lucille Jordan.

"That otherwise the will would be invalid because it does not contain a gift over, and cannot be probated as the separate will of George Baxter Jordan."

Pursuant to Rule 378 of the Texas Rules of Civil Procedure, the parties have submitted an agreed statement of facts. On February 8, 1966, George Baxter Jordan and Frances Lucile Jordan executed the instrument in question which was filed for probate as the will of George Baxter Jordan. Frances Lucile Jordan died on July 9, 1966, and left no children or descendants. All of the property that she left was community property. The instrument in question was never offered for probate as the will of Frances Lucile Jordan. After the death of Frances Lucile Jordan and prior to his death, George Baxter Jordan sold the 7.5 acres of land which is referred to in the paragraph designated as Item III and the second sentence of Item VI of the will. The silverware and the firearms referred to in Item IV were disposed of prior to the death of George Baxter Jordan.

The will which is the basis of this appeal reads as follows:

"STATE OF TEXAS ⎱ KNOW ALL MEN
COUNTY OF BOWIE ⎰ BY THESE PRESENTS:

"That we George Baxter Jordan and Frances Lucile Jordan of the State of Texas,County of Bowie,being of sound mind and disposing memory,do hereby make,publish and declare this our last will and testament,hereby revoking all former wills by us made.

"Item I

"It is our will that we be given a christian burial and the expense of our last sickness and burial be first paid out of our estate and that our executor hereinafter appointed then pay all of our just debts.

"Item II

"We do hereby give,devise and bequeath unto our church, The Church of Christ of New Boston Texas,our home and all our personal property such as our two cars,a Dodge and a Valiant and all stocks and bonds, retirement funds, bank deposits all of these after being sold and all moneys collected shall be placed in a building fund for the new church that is to be built some time in the future and shall not be spent for any other purpose,only as designated above.
"All lands—

### Item III

belonging to George Baxter Jordan,being an inheritance, located two miles North and West of the town of Grand Saline Texas in Vanzandt/Co County being in the James Rawls Survey and being 7.5 Acres be given to Bowles Orphan Home, maintained and operated by the Church of Christ,Quinlin, Texas.

### "Item IV

"It is our wish and do hereby give and bequeath all our Silverware to Our beloved Niece Carrol Lee Saddler of Austin, Texas. and to our beloved Nephew Tom Cotman of Trinidad Island of the West Indies all of our firearms being a 12 ga. dbl. barrell shot gun, a 22*Cal. rifle. and a 22-Cal. pistol.

### "Item VI

"It is our wish and will that if just one of us be taken by death The other shall inherit allproperties such as,lands realestates, bonds, bank accounts.stockes and shares that the other may possess. If I, George Baxter Jordan should die first I especially give or bequeath all my lands being, being an inheritance of 7.5 acres in the james Rawls survey north and west of Grand Saline, Texas, to my beloved wife Frances Lucile Jordan.

### "Item VII

IN WITNESS WHERE OF,WE hereto subscribed our names the day of February 8th. Inthe year of 1966.

"Signature    /s/ George Baxter Jordan
George Baxter Jordan
"Signature    /s/ Frances Lucile Jordan
Frances Lucile Jordan

"We, whose names are hereto subscribed,to certify that on 8th th day of February 1966, the Testators above named,subscribed their names on this instrument in our presence,and in the presence of each of us, and at the same time, in our presence and hearing declared that the same to be their last will and testament, and requested each of us to sign our names thereto as witnesses to the execution therof, which we hereby do in the presence of the testators and of e each other,on the day of the date of said will,and write opposite our names our respective places of residence.

"WITNESS    /s/ R. B. Turner        NEW BOSTON, TEXAS
"WITNESS    /s/ Oreta Turner        NEW BOSTON, TEXAS

### "Item VIII

"We hereby appoint our friend,Charles Wade, as executor of our estate without bond with full powers to sell,convey, rent, transfere and assign any or all of our said property upon such terms and condition as he may deem to be the—

"Item VIII Continued.

"best interest ofour estate,and to execute and administer this will and the affairs of our estate. We desire that there be no action be had in the Probate ~~Cour~~ Court other than to prove and record this _WILL_, and the return of an inventory, appraisment of all claims against oue estate.

"WITNESS    /s/ R. B. Turner

"WITNESS    /s/ Oreta Turner

SIGNATURE    /s/ George Baxter Jordan

SIGNATURE    /s/ Frances L. Jordan"

———◆———

■ The question presented on appeal is whether the will is valid and subject to probate as the will of George Baxter Jordan. The intention of the makers of the will is of paramount importance and should be determined from a construction of each and every provision of the will. If possible, every provision must be given effect, and a construction should be adopted which brings every provision into harmony with each other and into harmony with the general purpose of the will. Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39, 43 (1955); Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334, 336 (1946); Gonzalez v. Gonzalez, 457 S.W.2d 440, 443 (Tex.Civ.App.—Corpus Christi, 1970, writ ref'd, n. r. e.); Verhalen· v. Klein, 268 S.W. 975, 977 (Tex. Civ.App.—Ft. Worth, 1924, no writ). If the terms of a will permit two reasonable constructions, one resulting in intestacy, and the other resulting in a valid testamentary disposition, the construction that prevents intestacy will be favored. The fact that the testator made a will is evidence of intent not to die intestate. Williams v. Thompson, 375 S.W.2d 489, 491 (Tex.Civ. App.—Houston, 1964, no writ): Boyett v. Mathews, 370 S.W.2d 916, 917 (Tex.Civ. App.—Waco, 1963, no writ); Wenzel v. Menchaca, 354 S.W.2d 635, 638 (Tex.Civ. App.—El Paso, 1962, writ ref'd, n. r. e.).

■ When we consider the language of the will as a whole and give due regard to all of the provisions, we feel that the intent of George Baxter Jordan and Frances Lucile Jordan is clear that the survivor have the use of the property with the right of disposition during the life of the survivor, in order to provide for the survivor until his or her death, but that all of the property remaining after the death of both of them, except the specific bequests and devises, should finally vest in the Church of Christ at New Boston.

■ The introductory paragraph declares that the two testators "do hereby make, publish and declare this our last will and testament." Each paragraph except the third paragraph by which property is bequeathed and devised begins with the words "It is our wish" or "we do hereby give, devise and bequeath." However, these provisions may be interpreted as though each party was making separate disposition of his or her property only. Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621 (1957).

■ Appellees maintain that the terms of the will are contradictory, and, therefore, there is an irreconcilable conflict between clauses. We disagree. Where it is claimed there are conflicts in a will, such conflicts should be reconciled where possible. Martin v. Dial, 57 S.W.2d 75 (Tex. Com.App.1933); Betts v. Haggard, 495 S. W.2d 602 (Tex.Civ.App.—Tyler, 1973, writ ref'd, n. r. e.).

■ Appellees argue that the only way to reconcile the various parts of the will is

to construe it so that the gift to the church would be valid only upon the simultaneous death of both parties. It is obvious that the will here is a home-made instrument, but it also seems that it was the intent of both parties, looking at all the provisions, that the survivor "shall inherit all properties" and that upon the death of the survivor, the church would receive the remainder. The Jordans did not die simultaneously. George Baxter Jordan survived his wife, and her will was not probated. He inherited her community interest in their property. The instrument sought to be probated is his will. There is no evidence that Jordan attempted to revoke, change or destroy the will. The will was a joint will, i. e., a single testamentary instrument containing the wills of two persons, but no authority has been cited which holds that a joint will is invalid because it was not probated upon the death of the first to die. We are of the opinion the will is not subject to appellees' interpretation. We believe our interpretation harmonizes the provisions of Item II and Item VI and gives meaning to each without one conflicting or limiting the meaning of the other.

In the old case of March v. Huyter, 50 Tex. 243, 252 (1878), the Supreme Court, speaking through Judge Bonner, on the validity and legal effect of joint and mutual wills said:

"'The weight of authority, however, seems, we think, to hold that they may be admitted to probate on the decease of either party, if otherwise unobjectionable.'"

Such holding was followed by the Supreme Court in Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 168 (1946). In 97 C.J.S. Wills § 1364, p. 284, it is said: "A joint will is, in effect, the separate will of each maker, and may be probated as such on the death of each."

Appellees further contend that in a joint will there must be a gift over, either contingent or remainder, to make the will valid as to the subsequent beneficiaries, and they cite Richmond v. Richmond, 189 Tenn. 625, 227 S.W.2d 4, by the Supreme Court of Tennessee in 1950. That case may be distinguished from the instant case in that there was no provision in the will for the disposition of the property of the first to die. That is not the situation here as the will provides the survivor "shall inherit all properties."

Appellees also contend that the will was not properly attested by two credible or competent witnesses, because the attesting witnesses were members of the Church of Christ of New Boston. We disagree. The general rule has been recognized in Texas in Moos v. First State Bank of Uvalde, 60 S.W.2d 888, 890 (Tex.Civ.App. —Beaumont, 1933, writ dism'd):

"It is said that, by the weight of authority, a person who is an officer or otherwise in a religious or charitable institution to be benefited by a will, is a competent witness to attest the will."

We hold the will is the valid will of George Baxter Jordan, deceased, and that it may be probated as such.

The judgment of the trial court is reversed and the cause is remanded.