**Mrs. Nellie B. (Nell) WATSON et al., Appellants,**

v.

**Ben WATSON, Jr. et al. Appellees.**

**No. 5948.**

Court of Civil Appeals of Texas, Waco.

Dec. 28, 1978.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, for appellants.

Joe B. Cannon, Cannon, Cannon & Reed, Groesbeck, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a suit by plaintiff (appellant) Mrs. Nellie B. (Nell) Watson against defendants (appellees) three of her sons Ben Jr., Elmo and Grant Watson, for interpretation of the will of plaintiff's deceased husband Ben Watson, Sr., to remove cloud from title to 668.71 acres of land in Leon County, and to declare a deed to 96.8 acres of land from plaintiff to Virgil Watson (another son) to be a valid deed.

Defendants Ben, Jr., Elmo and Grant Watson sought to have the deed to Virgil Watson set aside, and sought interpretation of the will of Ben Watson, Sr.

The trial court (without a jury) rendered judgment finding: 1) The wills of Nellie B. Watson and Ben Watson, Sr. joint and mutual wills "consistent with their agreement regarding the manner in which their community estate was to be divided upon their respective deaths". 2) The deed to Virgil Watson of 96.8 acres was upon inadequate consideration and constitutes a fraud on the part of Nellie B. Watson to circumvent the terms of the mutual and contractual wills; and decreed: 1) The wills of Nellie B. Watson and Ben Watson, Sr. are joint and mutual wills; 2) the deed from plaintiff to Virgil Watson to 96.8 acres of land is void and is set aside.

Appellants appeal on 7 points contending among other matters:

1) The trial court erred in holding that the sale by Nell Watson to Virgil Watson of the 96.8 acres constituted a fraud upon the remaindermen and in setting such deed aside.

2) The trial court erred in setting the deed to Virgil Watson aside and in failing to remove the cloud cast on appellants' title for the reason that even if the will of Ben Watson, deceased, is a joint, mutual and contractual will, appellant Nellie B. Watson took a fee simple title with power of disposition (a defeasible fee to appellees) and the remainder of the corpus, if any, passes to appellees on the death of Nellie Watson.

The record reflects that appellant on December 30, 1977 conveyed by deed 96.8 acres to her son Virgil Watson for a recited consideration of $10. but that $100. per acre was the actual consideration. It is further in evidence that adjacent land had sold for some $650. per acre.

The question for determination is whether the will of decedent authorized appellant

to convey the title to the real property she did convey.

The pertinent provisions of the will are:
"Paragraph IV

"In the event my wife, Nell Watson survives me * * * she shall have and take all of my estate and property of whatsoever kind or character and wheresoever located and in such event I do hereby will, bequeath and demise all of my said estate and property unto my said wife, Nell Watson, in fee simple".

Paragraph V, appoints Nell Watson independent executrix without bond.
"Paragraph VI

"In the event my wife shall have predeceased me, * * * or upon her death there should remain on hand any of the corpus of my estate that passes to her in fee simple, under this my Last Will and Testament, or the proceeds of the sale of any of the corpus of my said estate that passed to her under this my Last Will and Testament, it is my will and desire that the same shall pass to and vest in our four sons, namely, Elmo Eugene Watson, Virgil B. Watson, Ben Watson, Jr., and Lee Grant Watson, to share and share alike in fee simple and in such event I do hereby will, bequeath and demise all of my estate or the remainder of said estate upon the death of my wife, in the event she shall survive me or any of my said estate that passes to her in fee simple under this will remains on hand or any of the proceeds of the sale of any of the corpus of my said estate shall remain on hand to our four sons hereinabove named, to share and share alike in fee simple".

Appellant Mrs. Nellie B. (Nell) Watson testified:

Q. Alright, now, prior to the making of this Will, you and your husband, Mr. Ben Watson, had gotten together in an attempt to settle the land and the property that ya'll owned, didn't you?
A. Yes, sir.
Q. Alright, and ya'll went to * * * Mr. Bennett's office together, is that correct?
A. Yes, sir.

Q. And prior to the time that you were going there, ya'll agreed, you and your husband, that you would leave it to each other, but at the end—at the death of the survivor of you two, that it would be divided equally among the four boys, didn't you?
A. That's right.
Q. And this was the agreement that ya'll made between each other and as a result, he signed this particular Will, did he not?
A. Yes, sir.
Q. And you signed a Will almost identical to this Will, is that not correct?
A. That's right.
Q. And together, they completed the agreement that you and your husband made with each other that at the death of the last of you, the four boys would get the land equally, is that correct?
A. That's correct, but they are not going to get it".

The clear, plain and unambiguous language of Paragraph IV of the will leaves the property to appellant in fee simple, and Paragraph VI provides that if upon her death any of the estate that passes to her in fee simple should remain on hand it should pass to the four named sons. No provision in the will places any limitation whatever on the right of appellant during her lifetime to dispose of the estate in any manner she might see fit.

■ Thus, testators in language free of ambiguity have clothed the survivor with the unqualified right to convey the property during her lifetime and have limited the rights of the remaindermen to whatever estate remained in the survivor at her death, and we are not authorized to impose a limitation upon that right or by implication to grant any right to the remaindermen other than to acquire that which might remain after the appellant's death. *Harrell v. Hickman,* 147 Tex. 396, 215 S.W.2d 876; *McGuire v. Worsham,* (Tex.Civ.App., Waco) NWH, 461 S.W.2d 428; *Howard v. Neary,* (Tex.Civ.App., Waco) NWH, 485 S.W.2d

591; *Boyett v. Mathews,* (Tex.Civ.App., Waco) NWH, 370 S.W.2d 916; *Stover v. Seitz,* (Tex.Civ.App., Waco) NRE, 527 S.W.2d 829.

And we must assume that the language used in decedent's will was correct and intentional. *Mitchell v. Mitchell,* 151 Tex. 1, 244 S.W.2d 803, 806; *Williams v. Bartlett,* (Tex.Civ.App., Waco) NRE, 254 S.W.2d 559, 563. The intention of the testator must be determined from the language used in the will. *Bryan v. Melvin,* (Tex.Civ.App., Waco) NWH, 499 S.W.2d 17, *Stewart v. Selder,* Tex.S.Ct., 473 S.W.2d 3; *Rekdahl v. Long,* Tex.S.Ct., 417 S.W.2d 387; *Huffman v. Huffman,* 161 Tex. 267, 339 S.W.2d 885.

In *Huffman, supra,* the court says "the intent of the testator must be drawn from the will, and not the will from the intent".

And the court cannot give to an unambiguous will a meaning different from that warranted by its words, merely to carry into effect conjecture or hypothesis as to the testator's intention. *McMullen v. Sims,* Tex.Com.App., 37 S.W.2d 141. See also: *Price v. Austin National Bank,* Tex. Civ.App., Austin) NRE, 522 S.W.2d 725.

Appellant's contentions, supra, are sustained. We hold appellant had the right under decedent's will to convey the 96.8 acres.

The judgment is modified to decree the sale of the 96.8 acres to Virgil Watson valid.

MODIFIED AND AFFIRMED.