George W. CROWLEY et al., Appellants,

v.

James Otis VAUGHAN, Appellee.

No. 13740.

Court of Civil Appeals of Texas.

San Antonio.

May 17, 1961.

Rehearing Denied June 14, 1961.

Groce & Hebdon, San Antonio, for the Crowley heirs.

Moursund, Ball & Bergstrom, San Antonio, Mann, Walter, Powell, Burkhart & Weathers, Springfield, Mo., for appellant Cemetery Ass'n.

W. F. Nowlin, Lewis T. Tarver, Jr., H. M. Zuercher, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a suit to construe the last will and testament of Frank T. Crowley, deceased, dated May 12, 1943. The pertinent provisions of the will are as follows:

"I hereby declare that the property and estate which I bequeath in trust by this will constitutes the entire estate, community or otherwise, of myself and my wife, Cora A. Crowley, and I respectfully request my said wife, Cora A. Crowley, to recognize this will and elect to take thereunder, to the end that there may be an orderly and satisfactory management of said property and

estate for the benefit of my said wife and my daughter and grandson, as hereinafter stated. * * *

"Second: It is my will and I direct that my wife, Cora A. Crowley, shall, by my executor and trustee hereinafter named, be permitted to live in, use and occupy the home at No. 218 Grove Place, Alamo Heights, Bexar County, Texas, and to have the free use of all of the household and kitchen furniture and fixtures situated therein for and during the term of her natural life, without let or hindrance on the part of said executor and trustee and without the payment of rents or charges of any kind to said executor and trustee or any other person whomsoever, and further that said executor and trustee whall pay the taxes on said homestead property and keep said homestead premises in good repair and condition, and to keep the same constantly insured against loss or damage by fire, windstorm and hail to the extent of the insurable value thereof.

"Third: I nominate, constitute and appoint the National Bank of Commerce of San Antonio, a national banking corporation under the Act of Congress, to be the independent executor of this my last will and testament and trustee of said estate, and I direct that no security shall be required of such Bank as such executor and trustee.

"Fourth: Should my said wife elect to take under this will, then I give, devise and bequeath all the rest and residue of said estate, including the proceeds of insurance policies upon my life which may be payable to my estate, unto said The National Bank of Commerce of San Antonio, in trust, upon the following conditions, to-wit: To pay over to my said wife, Cora A. Crowley, out of the income of said estate, the sum of one hundred and fifty dollars ($150.00) per month, to be payable to the said Cora A. Crowley on

the first day of each calendar month after my decease for and during her natural life, and said executor and trustee is hereby directed to apply the income to be derived from said estate for and toward the payment to said Cora A. Crowley of said sum of $150.00 per month during her natural life.

"Fifth: I do further declare that my said executor and trustee shall have and is hereby given the right and power, in its discretion, in the event of illness, accidental injury, or any such emergency happening to my said wife, Cora A. Crowley, or to my said daughter Mildred F. Vaughan, wife of James Otis Vaughan, or my grandson, who was christened Mitchell Byron Shafer, Jr., but who has since been called Mitchell T. Shafer, he being a son of my daughter, Mildred F. Vaughan, and the necessity arising therefor and the needs of said Cora A. Crowley, Mildred F. Vaughan and Mitchell T. Shafer, or of any of them, by reason of such sickness, accident or injury necessitating such expenditures, to pay out of the income of said estate, or out of the principal thereof, such sum or sums as in the judgment of my said executor and trustee shall be necessary and proper for the well-being, care and protection of the said Cora A. Crowley, Mildred F. Vaughan and Mitchell T. Shafer, or any of them, as the case may be.

"Sixth: It is my will and I further declare that my said executor and trustee shall have and is hereby given in trust all of the rest and residue of said estate, as aforesaid, and the income therefrom and all portions thereof unapplied for the purpose of making such monthly payments to my said wife, Cora A. Crowley, and I direct that my said executor and trustee shall, from time to time, invest the funds and cash in said estate and keep the same invested in approved securities, and all of the income not applied to the payments

to be made to my said wife, as aforesaid, shall be in augmentation of the capital of said trust fund and shall follow the destination thereof.

"Seventh: It is my intention and I so declare that as to such residuary estate devised and bequeathed to said executor and trustee, the said National Bank of Commerce, as such executor and trustee, shall have full power to manage and control and otherwise handle such trust estate until the death of my said wife, Cora A. Crowley, and said executor and trustee is hereby given the power and authority to manage and control said trust fund and estate and the application of the income therefrom to the monthly payments to be made to my said wife, Cora A. Crowley, and I declare that said trustee shall be charged with the duty of keeping said trust estate intact and invest the funds thereof to the best of its ability, but that it shall not be responsible or held accountable for fluctuations in values of investments, which said executor and trustee may make for such trust estate, but that said trustee shall be required only to use its best judgment and good faith in the investment of said trust fund and the distribution of the income therefrom.

"Eighth: I expressly authorize and empower said executor and trustee herein named to sell at public or private sale any portion or the whole of said trust estate, save and except the home at No. 218 Grove Place, as aforesaid, and with the further exception that if it should be necessary in the judgment of my said trustee or desirable for the benefit of said trust estate, to sell any real estate or other property of any kind, except said homestead, then said executor and trustee shall, before selling any portion of said trust estate, obtain the written consent of any two of the beneficiaries under this will, viz., my said wife, Cora A. Crowley, my daughter, Mildred F. Vaughan, and my grandson, Mitchell T. Shafer, or any two of them.

"Ninth: After the death of my said wife, Cora A. Crowley, it is my will and I so direct that the trust herein created shall terminate and that said executor and trustee shall and is hereby directed to turn over and deliver to my said daughter, Mildred F. Vaughan, and my said grandson, Mitchell T. Shafer, all property and funds remaining in said trust estate, share and share alike, absolutely and in fee simple, and if the said Mildred F. Vaughan, or the said Mitchell T. Shafer, shall die, without issue, before the death of my said wife, Cora A. Crowley, then it is my will and I so direct that my said executor and trustee shall, upon the death of the said Cora A. Crowley, pay over all of such trust estate to the survivor of the said Mildred F. Vaughan and Mitchell T. Shafer; but if the one so dying shall leave issue, then the share of the one so dying shall pass to and become the property of the child or children of the one so dying, per stirpes and not per capita.

"Tenth: If my said wife, Cora A. Crowley, shall refuse to recognize this will and elect not to take thereunder, and shall demand her one-half of said community property and estate, then the trust which I have attempted to create by this will shall not become effective, and in that event, I give, devise and bequeath all of my estate, real, personal and mixed property of which I shall die seized or possessed, or to which I may be entitled at the time of my death, unto my said daughter, Mildred F. Vaughan, and my said grandson, Mitchell T. Shafer, in equal shares, absolutely and in fee simple, not burdened by any trust and to be delivered to them by my executor herein named as soon after my death as shall be found convenient. If, however, my said

wife, Cora A. Crowley, shall elect to recognize this will and take thereunder, then all of said property and estate shall be vested in said executor and trustee as in this will set forth, and be subject to all of the terms and conditions of the trust herein created."

There are two codicils to the will that need not be here copied.

Testator, Frank T. Crowley, died on July 6, 1944. His will was probated on August 15, 1944, and thereafter his widow, Cora A. Crowley, in keeping with her husband's desire, elected to take under the will. The National Bank of Commerce of San Antonio qualified as independent executor and trustee, and has now performed all of its duties as such executor and trustee, and is asking the Court to determine to whom it should pay the trust funds remaining in its possession. After the death of testator, after the will had been probated, and after Cora A. Crowley had elected to take under the will, Mitchell T. Shafer, on October 18, 1944, grandson of testator, died without issue. Thereafter on November 20, 1949, Mildred F. Vaughan died, without issue, and thereafter on September 6, 1958, Cora A. Crowley died, thus terminating any further necessity for an administration or an active trust.

There are three claimants of these trust funds, to-wit:

(1) James Otis Vaughan, husband of Mildred F. Vaughan, and sole beneficiary under her will.

(2) The Lawson Cemetery Association, the sole beneficiary under the will of testator's widow, Cora A. Crowley.

(3) George W. Crowley, a brother of testator, and some twenty-six other persons who are the surviving collateral heirs of Frank T. Crowley, deceased.

The trial court rendered judgment in part as follows:

"The individual Defendants and Vross-Plaintiffs George W. Crowley et al named and listed as defendants first hereinabove are all the collateral kindred of Frank T. Crowley, deceased.

"The will of Frank T. Crowley, deceased, and codicils thereto, are hereby Ordered, Adjudged and Decreed to mean and to be construed to mean that upon the death of Frank T. Crowley on July 6, 1944, the remainder interest in his entire property and estate, after and subject to the trust during the lifetime of Cora A. Crowley, vested in Mitchell T. Shafer and Mildred F. Vaughan, share and share alike, the interest of each one being subject to divestment in favor of the other one, in the event of death without issue during the lifetime of Cora A. Crowley leaving such other one surviving, and that upon the death of Mitchell T. Shafer without issue during the lifetime of Cora A. Crowley and before the death of Mildred F. Vaughan, the entire remainder interest became vested absolutely in fee simple in Mildred F. Vaughan and that such vested remainder in Mildred F. Vaughan was not defeated or affected by her death during the lifetime of Cora A. Crowley; and it is accordingly Ordered, Adjudged and Decreed that Plaintiff James Otis Vaughan have and recover from Defendants title to all of the property and estate in the hands of Defendant National Bank of Commerce of San Antonio, which property and estate is more particularly described in Schedule A hereto, less payments to be made therefrom as provided for hereinafter, and that Defendants take nothing by their cross-actions."

Both of the other claimants have presented separate appeals from that judgment.

We have concluded that the trial court has given the proper interpretation to the will of Frank T. Crowley, deceased. The ultimate question here is, to whom shall

the trustee pay the trust funds now held by it?

The first legal question to be determined is whether Mildred F. Vaughan, who survived both the testator, Frank T. Crowley, and Mitchell T. Shafer, but died before the life beneficiary, Cora A. Crowley, had a vested remainder, as distinguished from a contingent remainder, at the time of her death.

The will permits no other interpretation than that the testator intended that upon his death the remainder should be vested in Mildred and Mitchell, to be enjoyed by them after the death of his widow, Cora A. Crowley. It is quite true, that as between the two remaindermen, the remainder of either could be defeated and pass to the survivor, if either should die without issue during the life of Cora A. Crowley. There is no provision of any kind of defeasance if both died during the life of Cora A. Crowley, and there is no requirement that they must be alive at the time of Cora's death to take under the will.

The testator or his scrivener knew how to use legal language, as is shown from the entire will, and if it had been intended that neither Mildred nor Mitchell should receive any part of the trust funds unless they were alive at the time of Cora A. Crowley's death, it would have been very easy to have expressly so provided, as was done in Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 57 A.L.R.2d 97.

■ The cardinal rule to be followed in construing a will is to seek and enforce the intention of the testator; and if the intention of the testator be not clearly expressed by the particular language used, it may be found by looking to the provisions of the will as a whole and to the circumstances surrounding its execution. Guilliams v. Koonsman, supra.

■ We need not go beyond the language found in the will itself to here determine the intention of the testator. By the provisions of paragraph numbered "Ninth" of the will, testator makes it clear that he wants the trust funds to go to Mildred, his daughter, and to Mitchell, his grandson, subject to the terms of the trust provisions of the will, and after the death of Cora. The only provision for any defeasance was if either Mildred or Mitchell died without issue before Cora, then the trust funds were to go to the survivor, either his daughter or grandson. These provisions created a vested remainder in both Mildred and Mitchell, subject to being lost by the one who died first before the death of Cora, and in such event the remainder which was vested in the one dying first, would pass to the survivor of the two. Certainly, after Mitchell's death without issue and before the death of Cora, Mildred had a vested remainder which would pass under Mildred's will to her husband, and there was no other condition contained in testator's will. Mildred did not have to stay alive until Cora's death for her remainder to vest under her father's will. Rust v. Rust, Tex.Civ.App., 211 S.W.2d 262, 263, affirmed 147 Tex. 181, 214 S.W.2d 462.

■ Another cardinal rule for the construction of wills is that if there is doubt as to whether a vested or a contingent remainder was intended, the doubt will be resolved in favor of a vested remainder as being more in accord with public interest. Rust v. Rust, supra. If there is any possible doubt here, it should be resolved in favor of a vested remainder.

■ The fact that the legal title to the property bequeathed is vested in a trustee, with full directions as to the application of the income or corpus of such property to the use of the beneficiary during the trust period, does not militate against the immediate vesting of the legal title to the remainderman. Reilly v. Huff, Tex.Civ.App., 335 S.W.2d 275.

■ The law favors a construction of a will that will permit the earliest possible

vesting of a remainder. Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888. There was no reason why the remainder should not have vested in Mildred after the death of Mitchell.

■ If testator intended that either Mildred or Mitchell had to be alive at Cora's death in order to take under the will a contingency not found in the will, then the result would be that testator intended to die intestate as to the trust funds held by the trustee at the time of Cora's death. Every presumption is against any intestacy, and if the will is open to two constructions, the interpretation will be given it which will prevent intestacy. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. Here there is nothing to indicate that testator intended to die intestate as to the trust funds held by the trustee after the death of Cora, and no other construction can be given the will.

Appellants say that there are no words of present gift contained in the will, the only provision being to the effect that after the death of Cora the trustee shall pay over to Mildred and Mitchell, and that therefore there could have been no vesting in Mildred and Mitchell until after the death of Cora. We do not agree. From a reading of the entire will it is plain that such trust funds were to go to Mildred and Mitchell, subject to the terms of the trust, at Cora's death. It makes very little difference what language was used to express this intention. It seems to us that appellants are insisting upon the old rule of "divide and pay over." That rule has been severely criticized and condemned. Pinkston v. Pinkston, Tex.Civ.App., 254 S.W.2d 196; Vol. 3, Restatement of the Law of Property, American Law Institute, Chapter 19, § 260, p. 1312.

In speaking of the "Divide and Pay Over" rule, the following comment appears, in 57 Am.Jur., Wills, § 1231:

"The rule has been severely criticized, and the courts appear to honor it more in the breach than the observance." See, also, 96 C.J.S. Wills § 934; 144 A.L.R. at page 1169; 16 A.L.R.2d 1383; Re First National Bank of Ithaca, 2 A.D.2d 292, 153 N.Y.S.2d 857.

In view of the above holdings we find it unnecessary to discuss at length other points presented and accordingly they are overruled.

The judgment is affirmed.