Hazel Ruth PICKERING et al., Petitioners,

v.

Bradley C. MILES, Guardian, et al.,
Respondents.

No. B–2720.

Supreme Court of Texas.

Feb. 23, 1972.

Kerr, Gayer & Gregg, Lloyd Kerr, San Angelo, for petitioners.

Upton, Shannon, Porter & Johnson, Craig Porter, Bradley C. Miles, San Angelo, for respondents.

DENTON, Justice.

The San Angelo National Bank, as independent executor and trustee under the will of T. N. Robbins, deceased, brought this suit for declaratory judgment seeking construction of the will, to determine the nature of the interest devised to his surviving grandchildren.

T. N. Robbins died on April 14, 1957, leaving a will dated May 15, 1952. He was survived by his only son T. N. Robbins, Jr., the life beneficiary of the express testamentary trust. The will was duly probated on April 29, 1957. T. N. Robbins, Jr. died on April 7, 1966, survived by three minor children, namely Mary Jane Robbins, born February 8, 1951, Betty Ruth Robbins, born October 29, 1952, and Thomas Wayne Robbins, born March 2, 1954, who died intestate and without issue on November 25, 1969, at the age of fifteen. T. N. Robbins, Jr.'s wife at all times material here was Hazel Ruth Pickering, petitioner and the mother of these three minor children of T. N. Robbins, Jr. and also the natural mother by a former marriage of petitioners Freddie Eugene Spieler and John Harold Spieler, half-brothers of the respondent minors.

The trial court, sitting without a jury, rendered judgment construing the T. N. Robbins will to vest an undivided one-third beneficial interest in the estate of T. N. Robbins in each of the minor children of T. N. Robbins, Jr. upon the latter's death on April 7, 1966, subject to the legal title in the trustee, "to manage, control and administer the same in accordance with the provisions of such will." The court further held that upon the death of the youngest child, Thomas Wayne Robbins, his undivided one-third interest became vested in his heirs at law subject to the management and control by the trustee until the trust shall terminate. The court of civil appeals in reversing the judgment of the trial court held the property of the estate did not vest upon the death of the life tenant, T. N. Robbins, Jr., but will vest upon the youngest surviving child reaching the age

of twenty-one. 465 S.W.2d 452. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

It is the contention of respondents, the minor daughters of T. N. Robbins, Jr., that the interest received by Thomas Wayne Robbins upon his father's death was only a right to one-third of the income from the trust properties, and a remainder in fee upon reaching the age of twenty-one; that is, this determinable fee was defeasible upon the condition subsequent of not reaching the age of twenty-one.

Petitioners take the position that upon the death of T. N. Robbins, Jr., the beneficial interests in the Robbins' estate became vested in each of the three surviving children of T. N. Robbins, Jr. The trial court agreed with this latter contention.

The provisions of the will material to this appeal are as follows:

### "FIFTH

"I further direct that my said Executor and Trustee pay to my son, T. N. Robbins, Jr., all of the income and earnings of said estate, after the deduction of all costs and expenses, so long as he may live, the said income to be paid to him monthly, quarterly or semi-annually as may be to his best interest, and the manner and time and method of paying the income to my said son shall be governed by the judgment of the Executor and Trustee herein, and should the income from said estate be insufficient for the support and maintenance of my said son, T. N. Robbins, Jr., then I hereby expressly authorize my said Executor and Trustee, in its discretion, to use any portion of the corpus or principal of said estate for the support and maintenance of my said son.

### "SIXTH

"I further direct that when my son, T. N. Robbins, Jr., has reached the age of

thirty-five (35) years, that if he is in good health and exercising good business judgment and is carrying on his business and conducting it in a business-like manner that said bank, as Executor and Trustee, using its own discretion, may turn over and deliver to him one-fourth (¼) of the estate then on hand, either in money, securities, or land, or either of them, and likewise when he has reached the age of forty-five (45) years and he is then conducting his business in a business-like manner and taking care of his property, and it is the judgment of the Executor and Trustee herein that he will continue to do so, it is hereby authorized to turn over and deliver to my said son one-third (⅓) of the remainder of said estate (making both advancements equal to one-half (½); or should it be to the best interest of said son to not turn over and deliver either of these bequests at the age of 35 years or 45 years, but at a later date should it determine that said son is capable and willing to handle and manage said estate, then in that event it is hereby authorized to deliver any part or all of one-half (½) of the estate then on hand, it being understood that my said son, T. N. Robbins, Jr., will have no vested interest in any of said properties, unless and until it is turned over and delivered to him by the said Executor and Trustee.

## "SEVENTH

"At the death of the said T. N. Robbins, Jr., I direct that all the rest and residue of said property then held by said bank as Executor and Trustee be delivered to the child or children of said T. N. Robbins, Jr., that are living at his death, share and share alike; provided that said bank as Executor and Trustee will continue to handle and manage said estate until his youngest child reaches the age of twenty-one (21) years, then it is to be delivered to them in fee, share and share alike; provided, however, said bank after the death of the said T. N.

Robbins, Jr. will continue to pay out the net income to the child or children of the said T. N. Robbins, Jr., until the youngest has reached the age of twenty-one (21) years.

## "EIGHTH

"Should the said T. N. Robbins, Jr. die without leaving a child or children living at the date of his death, then and in that event I direct that my Executor and Trustee deliver all of the residue of said estate unto the Methodist Home, a corporation owned by the Methodist Church, and is now operated in Waco, Texas."

The cardinal rule to be followed in construing a will is to seek and enforce the intention of the testator; and if that intention is not clearly expressed by the particular language used, it may be determined by looking to the will as a whole and to the circumstances surrounding its execution. Haile v. Holtzclaw, 414 S.W.2d 916 (Tex. 1967).

Under paragraph Fifth the testator provided for a life estate of all net income and earnings in his son, T. N. Robbins, Jr. Paragraph Sixth directed that the executor and trustee, "using its own discretion" could "turn over and deliver" a portion of the estate to the son not to exceed one-half of the property, beginning when the son reached the age of thirty-five. This devise was conditioned upon the son being "in good health and exercising good business judgment and is carrying on his business and conducting it in a business-like manner. . . ." The testator expressly provided his son "will have no vested interest in any of said properties, unless and until it is turned over and delivered to him by the said Executor and Trustee." The record shows that the son died at the age of forty-two, and that no part of the estate was ever delivered to him. Thus, the residue of the estate consisted of all testator's estate except the income paid to the son prior to his death.

Paragraph Seventh dealt with the residue devised to the children of T. N. Robbins, Jr. It directed that the rest and residue of the estate *"then* held by said bank . . . be *delivered* to the child or children of said T. N. Robbins, Jr. that are living at his death, share and share alike", (emphasis added) with the limitation that the trustee "will continue to handle and manage said estate until his youngest child reaches the age of twenty-one (21) years." The paragraph continues, "then it is to be delivered to them in fee, share and share alike" with the added provision, "provided, however, said bank after the death of the said T. N. Robbins, Jr. will continue to pay out the net income to the child or children of the said T. N. Robbins, Jr., until the youngest has reached the age of twenty-one (21) years."

■ The posture of this case is such that we are not confronted simply with the problem of determining whether a certain remainder is a contingent remainder or a vested remainder subject to divestment. The well established rule is if the condition is incorporated into the gift, the remainder is contingent, but if the condition is added after a vested gift is made, the remainder is vested subject to divestment. Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 57 A.L.R.2d 97 (1955); Rust v. Rust, (Tex.Civ.App.) 211 S.W.2d 262, opinion approved, 147 Tex. 181, 214 S.W.2d 462 (1948). At the time the remainder in the testator's grandchildren was created, that is, when the will became effective upon the testator's death, the remainder was contingent rather than vested. This is made so by the words "that are living at his death". Where the will makes the survival of the life tenant a condition precedent to the vesting of the remainder, the remainder is said to be contingent. It is undisputed the contingency "that are living at his death," has occurred. All three of T. N. Robbins Jr.'s children did in fact survive him upon his death on April 7, 1966.

There remains to be determined when the contingent remainder interest in the surviving children became vested. At the death of T. N. Robbins, Jr., the property *then* held by said bank was to be *'delivered'* to the surviving children, (emphasis added), the trustee bank to continue to manage the estate until the youngest of the surviving children reaches twenty-one years of age. The will then provides that when the youngest child reaches twenty-one, the estate "then is to be delivered to them in fee," with the added requirement that the bank "after the death" of testator's son, "will continue to pay out the net income to the child or children" of the deceased life tenant until the youngest child has reached the age of twenty-one.

■ The law favors a construction that will permit the earliest possible vesting of an estate. Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888 (1948); Crowley v. Vaughan, (Tex.Civ.App.1961) 347 S.W.2d 12 (writ refused). It is also well established that the fact legal title is vested in trustees, with full discretion as to the application of the income or corpus to the use of the beneficiary during the trust period, does not militate against the immediate vesting of the beneficial (equitable) title in the beneficiary. Rust v. Rust (supra); Rekdahl v. Long, 417 S.W.2d 387 (Tex.1967); Schmidt v. Schmidt, (Tex. Civ.App.1953) 261 S.W.2d 892 (writ refused).

After considering paragraph Seventh together with the will as a whole, in light of the authorities cited, we are of the view that an undivided one-third beneficial interest in the Robbins' estate vested in each of the minor children of T. N. Robbins, Jr., upon the latter's death, subject to the legal title in the trustee to manage and control the entire estate until the termination of the trust.

An examination of paragraph Sixth reveals the testator used the phrase "turn over and deliver" and "deliver" to create a conditional vested interest in certain portions of the testator's estate. The trustee was authorized to "turn over and deliver"

up to one-half of the estate to the son of the testator, however, the son "will have no vested interest in any of said properties, unless and until it is turned over and delivered to him", by the trustee. The language that the residue of the estate "be delivered" to the children of T. N. Robbins, Jr. at his death "then" held by the trustee, clearly expressed an intention to create a vested interest in the testator's surviving grandchildren upon the death of T. N. Robbins, Jr.

Respondents contend, and the court of civil appeals held, the provision in paragraph Seventh, "then it is to be delivered to *them* in fee", expresses a clear intention that no title would vest in the estate until the youngest grandchild attained his twenty-first birthday. We do not agree. This latter phrase, when construed with the whole paragraph, clearly refers to a freeing of the restrictions imposed by the trust. The trust is to terminate upon the youngest grandchild reaching his or her majority; and upon such termination the estate shall be delivered, free of the trust, to the surviving grandchildren or their heirs, per stirpes.

■ Paragraph Eighth of the will provided "should the said T. N. Robbins, Jr. die without leaving a child or children living at the date of his death,"—it directed that the trustee "deliver all the residue" of the estate to the Methodist Home of Waco, Texas. The court of civil appeals construed this language to mean the residue of the estate would vest in the Methodist Home, "in the event neither granddaughter lives to attain the age of twenty-one", as an alternate devisee. It is clear the language created an alternative contingent remainder. Guilliams v. Koonsman (supra); St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425 (1909); Cahn v. Calvert, 159 Tex. 385, 321 S.W.2d 869 (1959). The Methodist Home could take no interest in the estate except upon the happening of the contingency, the death of T. N. Robbins, Jr. "without leaving a child or children living at the date of his death." This contingency did not and can not occur.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

REAVLEY, J., not sitting.