Marjorie Lee COLLINS et al.,
Appellants,

v.

Hattie Mae NEW et al., Appellees.

No. 1231.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 10, 1977.

Rehearing Denied Nov. 30, 1977.

Carl C. Chase, Chase & House, Corpus Christi, for appellants.

S. E. Dyer, J. M. Burnett, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a summary judgment case involving a family dispute. Plaintiff Marjorie Lee Collins and defendant Hattie Mae New are sisters. Their mother, also a plaintiff, is Hattie Taylor Hinnant. Marjorie Lee Collins and her mother, Hattie Taylor Hinnant filed suit on June 9, 1976 to enjoin the other sister, Hattie Mae New, her husband, Henry New, and her son, Roy Henry New, from traveling upon any portion of the land claimed to be owned in fee simple by plaintiffs other than the land covered by a specific easement allegedly executed by the plaintiff Marjorie Lee Collins to the defendant Hattie Mae New. Summary judgment, pursuant to defendants' motion therefor, was rendered on March 30, 1977 that plaintiffs take nothing by their suit. The plaintiffs have appealed. The defendants urge a cross point concerning the "Bill of Costs" in the trial court. The parties will be referred to either by name or as "plaintiffs" and "defendants," as they were in the trial court.

By filing the motion for summary judgment in this case, the defendants were charged with showing as a matter of law that plaintiff did not have a cause of action against them. *Gaddis v. Smith*, 417 S.W.2d 577, 582 (Tex.Sup.1967). Summary judg-ment should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176 (Tex. Sup.1972).

The burden of proof is on the movant for summary judgment, and all doubts as to the existence of a genuine issue of a material fact are resolved against him. *Parrott v. Garcia*, 326 S.W.2d 897 (Tex.Sup.1969). Summary judgments are to be granted only on the merit of the summary judgment evidence, not on default of the movant's adversary. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.Sup.1972).

Plaintiffs alleged in their original petition:

(1) plaintiff Marjorie Lee Collins and the defendant Hattie Mae New are owners of adjacent tracts of land by virtue of devises from Roy Hinnant, Deceased, and deeds from Hattie Taylor Hinnant;

(2) the defendants are entitled "to a right of entrance and egress into Defendants' property since such properties were acquired by Defendant from a common source with the Plaintiffs;"

(3) in the past, defendants and their "designees" have traveled "across the center of Plaintiffs' property" in route to defendants' land which use has been "permissive only";

(4) difficulties have arisen in connection with defendants' unauthorized use of the road across the center of plaintiffs' land;

(5) "plaintiff Marjorie Lee Collins has, by easement conveyance, granted to Defendant Hattie Mae New, owner of that property located generally north of Plaintiff, a thirty (30) foot wide easement, running parallel to the most westerly fence line of Plaintiffs' "; and,

(6) ". . . the purpose of this lawsuit is to seek equitable intervention by the Court to determine right of easements over Plaintiffs' land so that the Defendants can reach property . . ."

The petition was verified. Attached thereto and incorporated therein is an unauthen-

ticated copy of a document, allegedly executed by the plaintiff Marjorie Lee Collins, which purports to convey to the defendant Hattie Mae New a 30-foot right of way across the land claimed by the plaintiffs for the purpose of ingress and egress to the land which plaintiffs say is owned by the defendant.

Defendants, in their original answer, in addition to special exceptions, general and special denials, alleged: plaintiffs have no basis in law or in equity to change the long standing road across the plaintiffs' claimed property; due to the use theretofore made by defendants of the existing road across the center of said land, plaintiffs are estopped to now assert that the road should be changed; and, because of conditions existing, it would be impracticable and inequitable to enjoin defendants from using the existing road and to require them to use the 30-foot strip of land covered by the alleged easement as a means of ingress and egress to the other lands in the Hinnant Ranch in which plaintiffs admit that defendants own an interest.

The grounds asserted by defendants in their motion for summary judgment are summarized, as follows:

(1) plaintiffs, "by virtue of the pleadings filed herein and exhibits attached to such pleadings, established that there is no genuine issue as to any material fact," and that defendants are entitled to a take nothing judgment as a matter of law;

(2) the rights of Marjorie Lee Collins and Hattie Mae New as to that portion of the ranch passing under the Last Will and Testament of Roy Hinnant "are merely those of contingent remaindermen and nothing more"; and,

(3) since there are no vested remaindermen known at the present time, neither Hattie Taylor Hinnant nor Marjorie Lee Collins acting under Power of Attorney or in her own individual right possesses any power or authority to change, alter or exchange any of the land here involved, or any portion thereof, during the lifetime of said Hattie Taylor Hinnant.

At the time summary judgment was rendered, certified or verified copies of the following documents were on file in the trial court:

(1) The Last Will and Testament of Roy Hinnant, Deceased, the order probating the will, and the issuance of Letters Testamentary to Hattie Taylor Hinnant;

(2) deeds executed by Hattie Taylor Hinnant, whereby she conveyed her undivided community one-half interest in the land here involved to Marjorie Lee Collins; and,

(3) a power of attorney from Hattie Taylor Hinnant to Marjorie Lee Collins.

Copies of the above documents, together with the admission in plaintiffs' pleadings that the defendants have a right of ingress and egress across plaintiffs' claimed land, constitute the summary judgment evidence before the trial court.

Roy Hinnant died testate on August 25, 1965. His will was admitted to probate on September 15, 1965, and Hattie Taylor Hinnant, his surviving wife, qualified as independent executrix of his estate on September 15, 1965. Administration on his estate is still open, and will remain open until at least the date of death of Hattie Taylor Hinnant. Under the decedent's will, Hattie Taylor Hinnant was given, among other devises, a life estate in the surface of decedent's community undivided one-half of all lands which made up the Hinnant Ranch. The Commercial Bank of Beeville was appointed testamentary trustee. The testator directed that the interest in the land devised to his wife for life was to be used by her "for farming and grazing cattle thereon, so long as she shall desire to use such lands for either of such purposes." It was further provided that if she should elect to discontinue using the ranch lands for such purposes, she "shall" notify the trustee, who shall thereafter "manage and control the surface estate of said land under the terms and provisions of the trust hereinafter provided." The testator further provided that the trust which he created for his wife's benefit would terminate at her death, and that the "Trustee shall then divide the trust estate into two shares," which were desig-

nated as "SHARE NO. 1" and "SHARE NO. 2." The will then provided: SHARE NO. 1 "shall be set apart by my Trustee and delivered to my daughter, HATTIE MAE NEW, and the trust as to the properties comprising SHARE NO. 1 shall terminate"; and SHARE NO. 2 "shall be set apart by my Trustee and delivered to my daughter, MARJORIE LEE COLLINS, and the trust as to the properties comprising SHARE NO. 2 shall terminate." The Trustee, in connection with the setting apart in severalty of SHARE NO. 1 and SHARE NO. 2 to the above-named persons, was specially "authorized and directed to convey to the devisee of SHARE NO. 1 and the devisee of SHARE NO. 2 such easements of ingress and egress as may be necessary or convenient to permit access to the lands comprising SHARE NO. 1 and SHARE NO. 2." The lands involved in this suit are the same lands designated by Roy Hinnant, Deceased, in his will as "SHARE NO. 2."

Hattie Taylor Hinnant, by the aforesaid deeds, conveyed all of her community undivided one-half interest in the lands comprising SHARE NO. 2 to the plaintiff Marjorie Lee Collins, subject to a reservation of all minerals on and in the land, and subject also to the following exception, to-wit:

"There is also expressly EXCEPTED from this conveyance, all interests in said lands above described, which were devised to the Trustee under the will of my deceased husband, Roy Hinnant . . . it being understood that this conveyance does not convey to Grantee, any interests, legal or equitable, to which Grantor is entitled, under and by virtue of the will of Roy Hinnant, Deceased."

The power of attorney from Hattie Taylor Hinnant to Marjorie Lee Collins, appointed the latter as her agent. With respect to this appeal, the agent was given full power and authority:

"1. To take possession of all [my] real and personal property and estate of every kind and character and wheresoever situated . . . and to manage, control, supervise, improve and repair same, as

my attorney-in-fact may deem advisable . . .

\* \* \* \* \* \*

5. To handle my cattle operation in its entirely . . . , and in general, to look after my entire cattle operation in a manner similar to the way it was handled during the lifetime of my husband, Roy Hinnant, Deceased."

The judgment under attack recites, in part:

". . . it appearing to the Court . . . that the identity of the contingent remaindermen and their interest under the Last Will and Testament of Roy Hinnant cannot now be ascertained, for all of which reasons Plaintiffs have no right or standing to be granted the relief sought by them in this suit.

It is accordingly ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing by this suit . . ."

Plaintiffs argue in their brief that the devise of the lands comprising SHARE NO. 2 to Marjorie Lee Collins constituted a vested remainder. Defendants say that the devise was contingent upon Marjorie Lee Collins surviving Hattie Taylor Hinnant and that the devise would not become vested until her death, when the identity of the remaindermen would then become known.

This is a suit for injunctive relief only. It is not an action to construe any provision of the will of Roy Hinnant, Deceased. In determining whether the plaintiffs have legal standing to bring and maintain the action, it is not necessary that we decide in this appeal whether the devise of the lands designated by Roy Hinnant as SHARE NO. 2 created a vested or a contingent remainder in Marjorie Lee Collins. The bases of plaintiffs' suit are: they, jointly and severally, are the fee owners of the land in question; and, they, jointly and severally, have the sole and exclusive right to the actual present possession of the land involved. Either basis is sufficient in this case to show legal standing to sue for injunctive relief against a stranger to the title or a person out of possession who is using the land, or a part thereof, in defi-

ance of plaintiffs' desires. The present issues in this case before us can and should be resolved by deciding: first, whether the plaintiffs owned a sufficient present possessory interest in the lands comprising SHARE NO. 2, which would entitle them to petition a court for relief against defendants' alleged use and misuse of the established road across the center of the affected land; and, second, whether a summary judgment was proper under the record before this Court.

Generally, the life tenant is entitled to exclusive possession and control of the property comprising the life estate; the remainderman is not entitled to possession thereof until the life estate terminates. *Rae v. Baker*, 38 S.W.2d 366, 369 (Tex.Civ. App.—Austin 1931, writ ref'd); *Evans v. Graves*, 166 S.W.2d 955, 959 (Tex.Civ.App.—Dallas 1942, writ ref'd w. o. m.); *Hensley v. Conway*, 29 S.W.2d 416, 418 (Tex.Civ.App.—Eastland 1930, no writ); 37 Tex.Jur.2d, Life Estates, Remainders, Etc., § 29 (1962); 31 C.J.S. Estates § 38 (1964). Without question, the owner of the fee, absent an agreement creating rights in a third person, is entitled to the exclusive possession and control of the property comprising the fee.

The burden was on the defendants to conclusively show by proper summary judgment evidence that the plaintiffs are not entitled to present exclusive possession of the lands designated as SHARE NO. 2. They failed to meet that burden. It is established by the record that Marjorie Lee Collins owns the fee in an undivided one-half interest in the surface of the lands comprising SHARE NO. 2, and that Hattie Taylor Hinnant owns a life estate in the remaining one-half interest in the surface thereof. Therefore, at all times relevant to this appeal, the two plaintiffs together are entitled to the present actual possession of 100% of the surface of the land involved in this suit. They are entitled to protect that possession by suit when, from their viewpoint, it is threatened or disturbed.

Since the plaintiffs do have legal standing to sue for injunctive relief, we must decide if there is any genuine issue of material fact to be decided. The right of

defendants to travel across the lands claimed to be owned in fee by the plaintiffs is undisputed. The location of the route is in dispute. Plaintiffs contend that the defendants must be restricted to a route selected by them (the plaintiffs). Defendants assert that they are entitled to use the route that they were using at the time suit was filed, and that plaintiffs are not entitled to change that route by their unilateral selection of another route.

There is no summary judgment evidence that plaintiffs were not in actual possession of the lands comprising SHARE NO. 2. There is no evidence that Hattie Taylor Hinnant, the life tenant, "elected" to discontinue using the surface of the lands devised to her for farming or grazing purposes. The life estate has not terminated.

Various facts are alleged by both plaintiffs and defendants in support of their claims. After reviewing the record in its entirety, we hold that there are genuine issues of material facts which preclude the rendition of summary judgment. Plaintiffs' first point is sustained. In view of our holding, is no need for us to consider the remaining points brought forward by the plaintiffs. The cross point is now moot.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for a trial on the merits.