Betty Evans MOORE, Appellant,

v.

Homer Leon REED, Appellee.

No. 08–83–00151–CV.

Court of Appeals of Texas,
El Paso.

March 21, 1984.*

Rehearing Denied March 21, 1984.

Second Motion for Rehearing Denied
April 25, 1984.

* Original opinion dated Feb. 8, 1984, withdrawn.

William Andress, Jr., Gordon Bogen, Wm. Andress & Associates, P.C., Dallas, for appellant.

Thomas H. Hight, Sr., Jean Caldwell Hight, Hight & Hight, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

The opinion of the Court delivered on February 8, 1984, is withdrawn, and the following substituted.

This appeal results from a money judgment in a jury tried malicious prosecution case. Injunctive relief was additionally granted Appellee, plaintiff below. Appellant died after submission of this case to the court and her independent executrix is now before us. We reverse, dissolve the injunction and render.

Before 1976, Appellant, Betty Evans Moore, and her husband, Zedrick Moore, lived together on their community property 450-acre farm in Dallas County. At that time and sporadically during several prior years, Appellee Homer Leo Reed worked on the farm under an informal arrangement with Zedrick Moore. Reed had had Zedrick's permission while working on the farm to live in a house on the four acre tract in question here. Reed paid no rent or utilities. In 1976, Zedrick wrote a will giving Betty a life estate in his one-half interest in the entire farm and giving Reed a life estate in four acres upon the termination of Betty's life estate. After the gift to Reed under the will, Zedrick inserted a condition "provided he is living on our property at the beginning of this life estate" (Reed's). Prior to Zedrick's death in 1978, Reed moved off the four acres and quit working on the farm when Zedrick leased the four acres to others for a hog operation. Reed testified during the trial that he had moved off "temporarily." In August, 1981 (three years after Zedrick's death and four years after he had moved off), Reed testified that he saw several loads of hogs go by and figured the hog operation was over and moved back into the house on the four acres. By that time, Zedrick's will had been probated and Betty was in full possession of the entire farm, including the four acres, by virtue of her own undivided one-half interest and her life estate in the other half. Betty, as owner and life tenant, elected not to have Reed return. She immediately posted a notice to vacate on Reed's door. He refused to move. Her forcible entry and trespassing initiatives were frustrated by the justice of the peace. She then moved Reed's belongings out of the house and put new locks on the doors. Reed cut off the locks and moved back in at which time she resorted to the burglary complaint. The burglary charge was never acted upon. Reed then filed this suit for malicious prosecution and injunctive relief.

Among its other findings favorable to Reed, the jury found that Reed was not a trespasser. Appellant's first, sixth and seventh points of error attack this finding and we believe are dispositive of this appeal. We will discuss them together. The first point claims error in overruling Appellant's motion for judgment notwithstanding

the verdict. The sixth and seventh assert the court erred in not finding Reed a trespasser as a matter of law and erred in enjoining Betty Moore from interfering with Reed's possession because as a matter of law Reed had no right, title or interest in the property.

■ In passing upon a motion for judgment notwithstanding the verdict, the trial court may grant such motion if a directed verdict would have been proper. Rule 301, Tex.R.Civ.P. When under the evidence produced upon the trial before a jury a party is entitled to a verdict as a matter of law, the court, upon the motion of the party entitled thereto, may instruct the jury as to the verdict it must return. 3 R. McDonald, Texas Civil Practice, sec. 11.-25 (1983 ed.). The trial court here overruled both Appellant's motion for directed verdict and the motion for judgment notwithstanding the verdict. In this we believe the court erred.

Plaintiff's (Appellee's) Exhibit No. One below was the will of Zedrick Moore and the order duly admitting it to probate. Paragraph three of the will first devised all of the testator's (one-half) interest in the entire farm to his wife, Betty Moore, for life. The next paragraph, in pertinent part provided:

[U]pon the death of my beloved wife ... I give, devise and bequeath to ... Reed, property including the barn and house at the barn which he occupies and enough land to include ... an area of four (4) acres, ... for his lifetime. This devise is made provided he is living on our property at the beginning of this life estate,....

■ The devise to Reed under the will was a vested remainder subject to complete defeasance. This occurs where a condition to the receipt of the gift is added after the gift is made. *Pickering v. Miles,* 477 S.W.2d 267 (Tex.1972); L. Simes, Future Interests, ch. 3, sec. 11, Remainders (2nd ed. 1966). The remainder may be a life estate which follows a life estate. L. Simes, supra, at 19. Zedrick's will made the gift to Reed and thereafter added the "provided he is living on our property"

clause set out above. The gift was subject to complete defeasance.

■ At the time of various occurrences relied upon by Appellee in bringing his malicious prosecution action, Betty Moore was in lawful possession of the entire farm, by virtue of her own undivided one-half interest as well as the life tenant of her deceased husband's one-half. A life tenant is entitled to exclusive possession and control of the property comprising the life estate; the remainderman is not entitled to possession thereof until the prior life estate terminates. *Collins v. New,* 558 S.W.2d 108 (Tex.Civ.App.—Corpus Christi 1977, no writ). Criminal trespass is defined as the entering or remaining on the property or in the building of another knowingly or intentionally or recklessly without effective consent and with notice that entry is forbidden or with notice to depart and a failure to do so. *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1975). As a matter of law, Reed was not entitled to possession of the four acres at issue at the time in issue and his continued occupancy made him an ordinary trespasser. Furthermore, Betty Moore had the right to determine whether Reed would occupy any portion of the farm. She could therefore lawfully preclude Reed's "living on the property at the beginning of this life estate" under the terms of the will. This she elected to do and gave Reed notice to vacate, which he refused to do. That he had no right to possession under the will at the time in question there can be no doubt. His life estate, if it were ever to come into being, did not begin until Betty Moore's was over. And in view of Betty Moore's lawful exercise of her right to exclusive possession and control under her prior life estate, in fact, Reed's interest could never ripen. The will of Zedrick as drawn gave her the power to defeat Reed's subsequent life estate. Reed cannot rely on any alleged agreement with the deceased Zedrick Moore, two years before Zedrick's death and four years before his reentry, to justify his presence on the land. First, we have determined under Point No. Eight that Reed's testimony about any such agree-

ment was inadmissible under the Dead Man's Statute, Tex.Rev.Civ.Stat. art. 3716 (Vernon 1926). Furthermore, parol evidence is not admissible to vary, contradict or add to the contents of testamentary intent. *Gilkey v. Allen,* 617 S.W.2d 308, 311 (Tex.Civ.App.—Tyler 1981, no writ). This is particularly true when the intention of the testator is obvious from the will and plain, unambiguous language is used in making the disposition in question. The court may not give an unambiguous will a meaning different from that warranted by its words merely to carry out a hypothesis as to the testator's intention. *Watson v. Watson,* 576 S.W.2d 467, 470 (Tex.Civ.App. —Waco 1978, no writ).

■■■ We conclude that as a matter of law Reed had no right to occupy the disputed land at the time in question. As a matter of law Reed was a trespasser. The trial court erred in failing to disregard the answer of the jury to Special Issue No. Seven and in failing to grant Appellant's judgment notwithstanding the verdict. The failure of Special Issue No. Seven is fatal to all the rest. Appellant's first, sixth and seventh points are sustained.

We will respond briefly to Appellant's additional points. We have considered Appellant's procedural Point No. Two and determined that pursuant to Rule 329b, Tex. R.Civ.P., the trial court had power to reinstate the judgment. The second point is overruled. Points Nos. Three, Four and Five assert that the judgment does not conform to the pleadings and the evidence in regard to the specific four acres and as to removal of the sand and gravel. It is true that the record is devoid of any specification of what four acres was referred to in the will, yet the judgment has attached to it a plat not in evidence. Furthermore, at page 154 of the statement of facts, counsel for Reed stated, "[y]our Honor, I wish to strike from my pleadings at this time one allegation and that would be the allegation for *anything* about gravel rights." (Emphasis added). The court granted the motion. Points Nos. Three, Four and Five are sustained. In regard to Point No. Eight, the Dallas Court of Appeals, prior to transferring this case to this Court, struck

the deposition of Reed. There was no waiver of the Dead Man's Statute, Tex. Rev.Civ.Stat. art. 3716 (Vernon 1926). It was error to admit evidence of the oral transactions between the deceased and Appellee. Point No. Eight is sustained. Points Nos. Nine and Ten urge that Appellant should not be liable for damages experienced in pursuit of her legal remedies. In view of our prior discussion under Points Nos. One, Six and Seven, we agree. Points Nos. Nine and Ten are sustained.

The judgment is reversed, the injunction is dissolved and judgment rendered that Appellee take nothing.

### ON MOTION FOR REHEARING

STEPHAN F. PRESLAR, Chief Justice, dissenting.

On further consideration of this matter on motion for rehearing, I respectfully dissent on the basis that our opinion goes too far while reversing a money judgment for the plaintiff on a cause of action for malicious prosecution. In the process we have construed a will and defeated a person's right thereunder. True, the judgment of this Court is simply one of reversal, but language in the opinion together with the defendant's counter-claim could be construed as the law of the case.

The writer does not subscribe to the construction of the will as allowing Moore to defeat Reed's estate. Her actions in keeping him off the land during her lifetime could not prevent his entry upon her death. Then and only then was he required to be there to qualify under the will. We recognized that in our original opinion, but we went further and made his absence from the premises at that time controlling over his right to take under the will. In that, we erred. The will gives him the right to be on the property "at the beginning of this life estate." That time had not arrived at the time this case was tried. Moore has died while it was on appeal and Reed now has the right to be on the premises. Reed's rights arise from the same source as Moore's—from the will. They are then of equal dignity and for Moore to be al-

lowed to defeat Reed's rights is to allow her to change the provisions of the will. I do not subscribe to that ruling and respectfully dissent.